HARMEET K DHILLON, ESQ. (SBN:207873)
DAVID LIHWEI LIN, ESQ. (SBN:243448)
DHILLON & SMITH
214 Grant Avenue, Suite 400
San Francisco, CA 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Defendants Sukpran Gill
And Gurmeet Gill

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### (San Francisco Division)

| | |
|---|---|
| **BASKIN-ROBBINS FRANCHISED SHOPS LLC and BR IP HOLDER LLC,** | Case No. C07-02441 (PJH) |
| **Plaintiffs,** | |
| v. | **Joint Case Management Conference Statement** |
| **SUKPRAN GILL and GURMEET GILL,** | Date:   September 27, 2007 |
| | Time:   2:30 p.m. |
| **Defendants.** | |

Plaintiffs Baskin-Robbins Franchised Shops LLC and BR IP Holder LLC ("Plaintiffs", together with Defendants Sukpran and Gurmeet Gill, hereby present their Joint Case Management Statement pursuant to Civil L.R. 16(9) and the Standing Order of the U.S. District Court for the Northern District of California pertaining thereto.

**1. Jurisdiction and Service:**

Plaintiffs allege jurisdiction pursuant to the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1132, federal question jurisdiction under 28 U.S.C. § 1331, trademark claim jurisdiction under 28 U.S.C. § 1338, supplemental jurisdiction under 28 U.S.C. § 1367(a) and

under §§ 34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 1116 (a) & 1121.  Defendants have not yet answered the Second Amended Complaint, but may contest subject matter, diversity and supplemental jurisdiction on the grounds, *inter alia*, that this matter concerns an alleged breach of contract governed by California law, and not federal trademark or unfair competition law. In addition, it is not clear from the Complaint that both Plaintiffs have standing to sue under each of the causes of action alleged.

Both Defendants have been served and do not contest this Court's personal jurisdiction.

**2.      Facts:**

Plaintiff Baskin-Robbins Franchised Shops LLC ("Baskin-Robbins") is a Massachusetts LLC and the franchisor of independently owned ice cream stores throughout the United States. Plaintiff BR IP Holder ("BR IP Holder") is a Delaware LLC and is the owner of the trademark, service mark, and trade name "Baskin-Robbins" and related marks. Defendants Sukpran ("John") and Gurmeet Gill are natural persons residing within the Northern District of California, and are the franchisees of a Baskin-Robbins location in Pittsburg, California. Defendant John Gill also is the franchisee of a Baskin-Robbins location in Concord, California.

Plaintiffs contend that earlier this year, John Gill "engaged in" the opening and operation of an ice cream store in Vallejo, California under the name "Country Creamery." The allegations include that Mr. Gill purchased equipment for the Country Creamery location, negotiated its lease, applied for licenses and permits from state and local agencies for the business, hired employees and worked at the location after it was open. Plaintiffs also alleged that Mr. Gill installed used ice cream dipping cabinets purchased from a defunct Baskin-Robbins franchisee in the Country Creamery. Based upon these allegations, in April 2007 Baskin-Robbins informed Defendants by letter that it was terminating both franchise agreements with immediate effect. Defendants contested Plaintiffs' allegations directly and through counsel, and also contended that Plaintiff had failed to comply with contractual provisions and statutory requirements of the California Franchise Relations Act requiring notice and an opportunity to cure specified types of alleged breaches of the franchise agreements. Defendants also contend that counsel Baskin-Robbins

**Baskin-Robbins Franchised Shops et al. v. Gill et al., C07-02441**

**JOINT CMC STATEMENT**

**Page 2**

withdrew its written notice of termination in a telephone conversation with John Gill approximately one week after the notice of termination and informed Mr. Gill to continue operating the two Baskin-Robbins franchises pending resolution of the non-competition issues.

**3. Legal Issues:** Within two weeks from the date of the termination letter and after the telephone conversation between Mr. Gill and counsel for Baskin-Robbins, Plaintiffs filed the original Complaint in this matter. Plaintiffs then filed a First Amended Complaint, naming Isher Gill, John Gill's father and the owner of the Country Creamery, as a defendant in a fraud count. On September 4, Plaintiffs (with the consent of Defendants) filed a Second Amended Complaint, dismissing Isher Gill from the case and omitting Gurmeet Gill as a defendant in the fraud count. The Second Amended Complaint alleges five causes of action: 1) breach of contract; 2) trademark infringement in violation of § 32 the Lanham Act, 15 U.S.C. § 1114; 3) unfair competition in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a); 4) trade dress infringement in violation of 15 U.S.C. § 1125(c); and 5) fraud.

By agreement and as ordered by the Court, Defendants have until September 25, 2007 to answer or otherwise respond to the Second Amended Complaint. They intend to deny the substantive allegations against them and to assert counterclaims including breach of contract, declaratory judgment, and unfair business practices against one or both Defendants. Defendants' breach of contract allegations will include the allegation that by failing to provide them with notice and an opportunity to cure alleged violations of the in-term covenants not to compete, Plaintiffs have violated the California Franchise Relations Act, Cal. Bus. & Prof. Code § 20010 *et seq.*, which governs relations between franchisors and California franchisees. Defendants also will argue that the covenants not to compete in the franchise agreements violate California's public policy against such covenants and restraints on trade, which are codified at Bus. & Prof. Code § 16600 *et seq.* Defendants' counterclaims are likely to include a claim for violation of California's unfair competition law, Bus. & Prof. Code § 17200 *et seq.* Defendants also will argue that the issues raised by Baskin-Robbins in this litigation are required to be handled through specified dispute resolution procedures set forth in the franchise agreements, which Plaintiffs have not

**Baskin-Robbins Franchised Shops et al. v. Gill et al., C07-02441**     **JOINT CMC STATEMENT**

**Page 3**

invoked or followed. Having been made aware of these arguments, Plaintiffs intend to dispute them and maintain that the franchise terminations were valid and are effective and that the disputes are properly to be resolved by this Court.

**4. Motions:** Baskin-Robbins filed a Motion for a Preliminary Injunction on June 12, 2007, and subsequently withdrew it without prejudice. The parties have made stipulated motions to extend the dates for Defendants' response to the original and First Amended Complaint, and to continue the date of the Case Management Conference, which the Court so ordered. There are no motions pending before the Court.

Defendants intend to move to dismiss the Second Amended Complaint on grounds including subject matter jurisdiction and failure to state a claim upon which relief may be granted. Defendants are investigating other potential bases for dismissal, which would be included in the motion(s) to dismiss on or before September 25, 2007. In the future, the parties may move for summary judgment on claims remaining in the litigation.

**5. Amendment of Pleadings:** Plaintiffs have amended their original complaint twice. Until the Court has ruled on Defendants' anticipated motion to dismiss, the parties believe that a deadline for amending the pleadings is premature.

**6. Evidence Preservation:** The parties are aware of and are taking steps to comply with their evidence preservation obligations under the Federal Rules of Civil Procedure, including the rules governing electronic discovery.

**7. Disclosures:** The parties have made certain initial disclosures as required by Fed. R. Civ. P. 26, and any remaining disclosures will be completed before the Case Management Conference.

**8. Discovery:** Formal discovery has not yet commenced in this matter. The parties anticipate Requests for Production of Documents, Interrogatories, Requests for Admission, and Depositions in this matter. The parties do not presently perceive how discovery may be limited, and anticipate discovery pursuant to the Federal Rules.

**9. Class Actions:** Not Applicable.

**10. Related Cases:** There are no related cases pending of which the parties are aware.

**11. Relief:** Plaintiffs seek declaratory, injunctive, compensatory, exemplary and punitive damages and attorneys' fees and prejudgment interest in excess of $75,000. In their counterclaims, Defendants intend to seek similar relief. At this time a calculation of damages is premature, but both Plaintiffs and Defendants contend that damages would include their lost profits and attorneys' fees. The franchise agreements between the parties limit the types of damages obtainable by the parties, although the parties contest the meaning and effect of those limitations.

**12. Settlement and ADR:** The parties have actively engaged in settlement discussions to resolve this dispute, and good-faith settlement discussions between counsel are ongoing. Pursuant to ADR L.R. 3-5, the parties have stipulated their participation in an early settlement conference as provided for in ADR L.R. 3-4(c).

**13. Consent to Magistrate Judge For All Purposes:** The parties do not consent to have this matter determined by a Magistrate Judge.

**14. Other References:** The franchise agreements contain mediation and arbitration requirements, which Plaintiffs contend do not apply due to the alleged trademark violations and the equitable nature of the relief they seek with respect to the termination of the franchise agreements. Defendants contend that this matter does not concern trademark issues but is primarily if not exclusively a breach of contract dispute, and that therefore the ADR requirements in the franchise agreements do apply.

**15. Narrowing of Issues:** The parties are not aware of issues that may be eliminated or restricted by agreement or dispositive motion at this time, other than Defendants' motion(s) to dismiss the Second Amended Complaint. They reserve their respective rights to present dispositive motions in the future.

**16. Expedited Schedule:** At this time, given the unsettled nature of the pleadings, the parties believe that a discussion of expedited scheduling procedures is premature.

**17. Scheduling:** At this time, given the unsettled nature of the pleadings, the parties believe that a discovery schedule is premature and request the opportunity to present a discovery plan to the Court at a later date once the respective claims and counterclaims have been established.

**18. Trial:** In the franchise agreements, the parties waived their rights to a jury trial in this matter and anticipate that this matter will be tried before the Court. The parties anticipate the length of trial as five days.

**19. Disclosure of Non-party Interested Entities or Persons:** Defendants have filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-16 and served the same on Plaintiffs, indicating that Defendants are the only interested parties presently known within the meaning of the rule. Plaintiffs anticipate complying with Civil Local Rule 3-16 before the date of the Case Management Conference.

**20. Other Matters:** At this time, the parties are unaware of any other matters to facilitate the just, speedy and inexpensive disposition of this matter.

**Dated:        September 13, 2007**

| | |
|---|---|
| **Seyfarth Shaw, LLC** | **Dhillon & Smith** |
| /s/ **Maria Rodriguez** | |
| _____ | _____ |
| **Maria C. Rodriguez, Esq.** | **Harmeet K. Dhillon, Esq.** |
| **Counsel for Plaintiffs** | **Counsel for Defendants** |