# EXHIBIT 3



2600 VIRGINIA AVENUE, N.W.
SUITE 1111 – THE WATERGATE
WASHINGTON, DC 20037-1931
MAIN: 202.295.2200
FAX: 202.295.2250

JEFFREY L. KARLIN
DIRECT DIAL: 202.295.2207
DIRECT FAX: 202.295.2257
JEFFREY.KARLIN@GPMLAW.COM

April 30, 2007

**VIA FEDERAL EXPRESS**

Sukpran Gill
Gurmeet Gill
4493 Century Boulevard
Pittsburg, California 94520

**VIA CERTIFIED RETURN RECEIPT REQUESTED**

Sukpran Gill
P.O. Box 448
Clayton, California 94517

RE:   **NOTICE OF DEFAULT AND TERMINATION**
       **Pittsburg, California (PC 361197)**
       **Concord, California (PC 340372)**

Dear Franchisees:

You are hereby notified of certain defaults under the Franchise Agreements between Baskin-Robbins Franchised Shops LLC, successor in interest to Baskin-Robbins USA Co. (hereinafter referred to as "Baskin-Robbins"), and the franchisees listed below, pursuant to which you operate Baskin-Robbins franchises at the following addresses:

| Franchisee | Location of Shop | Date of Agreement | PC |
|---|---|---|---|
| Sukpran Gill<br>Gurmeet Gill | 4493 Century Boulevard<br>Pittsburg, California | October 26, 1996 | 361197 |
| Sukpran Gill | 1924 Grant Street, Suite #2<br>Concord, California | April 22, 2004 | 340372 |

Under the Franchise Agreements, it is a violation to divert or attempt to divert any business or customer of the franchises to any competitor, by direct or indirect inducement or otherwise, or do or perform, directly or indirectly, any other act injurious or prejudicial to the goodwill associated with the Proprietary Names and Marks of the Baskin-Robbins System (see Paragraphs 15.2 and 15.2.1 of the Franchise Agreement for PC 361197 and Paragraphs 8.0 and 8.0.1 of the Franchise Agreement for PC 340372). It is also a violation of the Franchise Agreements to own, maintain, engage in, be employed by, or have any interest in any other business which sells or offers to sell the same or substantially similar products to the type that Baskin-Robbins requires franchisees to offer at their locations (see Paragraph 15.2.3 of the Franchise Agreement for PC 361197 and Paragraph 8.0.3 of the Franchise Agreement for PC 340372).

Based on a variety of evidence, Baskin-Robbins has concluded that you have breached the above provisions of the Franchise Agreements. Specifically, an investigation conducted by Baskin-Robbins has revealed that you own and/or operate a

Sukpran Gill
Gurmeet Gill
April 27, 2007
Page 2

retail ice cream store in American Canyon, California. In furtherance of this effort, you entered into a commercial lease for a property located at 101 W. American Canyon Road, #512, American Canyon, California, which is located nearby your franchises and franchises owned by other Baskin-Robbins franchisees. In addition, you applied or assisted in the application for a business license with the City of American Canyon to operate an ice cream store with the trade name Country Creamery. The application for the Country Creamery business license included your home address and telephone number and you have held yourself out to others as the owner of the Country Creamery business. In addition, you purchased dipping cabinets from other Baskin-Robbins franchisees in March 2007 which were installed as fixtures at the Country Creamery store. You directly participated in preparing the Country Creamery store to open for business and in hiring employees to work at the location. The Country Creamery store opened for business in April 2007 and sells ice cream on a retail basis to the general public. At no time did you inform Baskin-Robbins of your actions and you took steps to conceal your involvement in Country Creamery business from Baskin-Robbins.

Your actions constitute a default under Section 9 of the Franchise Agreement for PC 340372 and Section 16 of the Franchise Agreement for PC 361197. These acts are defaults under the Franchise Agreements, constitute fraud, and, as a matter of law, cannot be cured and constitute grounds for terminating the Franchise Agreements. **Pursuant to Section 9 of the Franchise Agreement for PC 340372 and Section 16 of the Franchise Agreement for PC 361197 and for the reasons stated in this Notice of Default and Termination, Baskin-Robbins elects to and does hereby, without further notice, terminate the Franchise Agreements for PC 340372 and for PC 361197, effective upon receipt of this Notice, or as provided by applicable law.**

Baskin-Robbins demands that you take such actions as are necessary to comply with your post-termination obligations as set forth in the Franchise Agreements, including, but not limited to, 1) ceasing to use any methods associated with Baskin-Robbins, 2) ceasing to use any or all of the proprietary marks of Baskin-Robbins; 3) returning all manuals to Baskin-Robbins and complying with the post-termination obligations set forth in the Franchise Agreements; and 4) ceasing your involvement in and ownership of the Country Creamery store.

Alternatively, if it should be determined as a matter of law that your defaults are curable, then Baskin-Robbins hereby gives you thirty (30) days from the receipt of this Notice in which to do those acts which you contend constitute a "cure" of the defaults under the Franchise Agreements. If, as a matter of law, a longer cure period is required, then that period is applicable to this Notice.

You are advised that if you contest the claimed defaults and contend that termination is not justified, Baskin-Robbins will not enforce the termination by itself. Instead, it will submit the matter to a court to determine which party is right, and will seek judicial enforcement of the termination and your post-termination obligations, as

Sukpran Gill
Gurmeet Gill
April 27, 2007
Page 3

well as damages, attorneys' fees, costs and interest. If it should be determined that there is no good cause for termination of the Franchise Agreements then Baskin-Robbins will consider this Notice to be void. Any and all amounts paid and to be paid by you while operating under its trademarks may be accepted by Baskin-Robbins without waiver of its rights and claims, its position that the termination is valid and enforceable, or any right to injunctive relief. Nothing in this letter constitutes acquiescence by Baskin-Robbins in your continued use of its proprietary marks.

To the extent that the franchises have required remodels or other planned capital expenditures (other than those necessary to comply with repair and maintenance obligations under the Franchise Agreements) that would be effectuated in the coming weeks or months, you may hold the remodels or capital expenditures in abeyance until the court has ruled on the termination of the franchises. In the alternative, you may remodel or invest. However, please note that your decision to remodel or invest will not affect the termination of the franchises and you would be acting at your own risk should the termination be enforced by the court.

Conversely, if at any time it is your position that the termination is valid and enforceable, please advise me immediately, in writing, so that we can take the appropriate legal steps to completely end the relationship.

Sincerely,

Jeffrey L. Karlin
Counsel for
Baskin-Robbins Franchised Shops LLC