# DHILLON & SMITH

ATTORNEYS AT LAW
214 GRANT AVENUE, SUITE 400 SAN FRANCISCO, CA 94108
415.433.1700 (O)  415.520.6593 (F)

HARMEET@DHILLONSMITH.COM

September 25, 2007

**VIA US MAIL**

Jeffrey L. Karlin, Esq.
Gray, Plant, Mooty Mooty & Bennett, P.A.
The Watergate
2600 Virginia Ave., N.W., Suite 1111
Washington, DC 20037-1905

    Re:    *Baskin-Robbins Franchised Shops et al. v. Sukpran Gill et al.*

Dear Mr. Karlin:

    I write to memorialize our discussions over the past several months on a matter central to the litigation between our respective groups of clients. We discussed my client's position described in this letter as recently as last week, but we have discussed it on numerous occasions previously.

    You sent the Gills a notice of default and termination dated April 30, 2007, informing them that their franchise agreements were terminated with immediate effect, without opportunity to cure, and that they must immediately cease all use of the Baskin-Robbins trademarks. The same letter notified them that if they believed they had the right to cure the noticed defaults, they should do so either within 30 days or "a longer cure period" if required by law. The letter further informs the Gills that if they contested the immediate termination (which is, in fact, suggested by you on page 1), then Baskin-Robbins Franchised Shops LLC, would submit the matter to a court for determination. Page 3 of the letter states that Baskin-Robbins' termination of the two franchise agreements would be considered void at a later date if the court determined that Baskin-Robbins' termination was without good cause.

    The contradictory positions taken in your letter make it clear that Baskin-Robbins attempts to avoid responsibility for clearly stating, one way or another, whether it asks the Gills to de-identify the two Baskin-Robbins locations by

Jeffrey L. Karlin, Esq.
September 25, 2007
Page 2 of 2

ceasing the use of Baskin-Robbins' trademarks immediately, saying that it will be for a court to decide whether Baskin-Robbins' notice is effective or not.

On May 2, 2007 you had a conversation with John Gill concerning the conflicting positions in your letter – that the Gills should cease use of the trademarks; or cure the alleged defaults within 30 days; or wait for a court to decide; or that Baskin-Robbins considered the notice void. You informed Mr. Gill that he should continue operating the two stores as before, which he has done to date without any complaint from Baskin-Robbins. You filed suit five days later accusing the Gills of infringing the trademarks that they are licensed to use under the franchise agreements whose termination your own letter to them makes unclear, compounded by your instruction to Mr. Gill to continue use of the marks. You filed a motion for a preliminary injunction seeking immediately to enjoin the Gills' use of the marks pending the resolution of this matter. You withdrew the motion without re-filing it, although you have threatened to re-file the motion at various stages in our case management discussions.

In order to forestall further wasteful and unnecessary legal filings in this matter, the Gills have stipulated orally through my representations to you and here do so in writing that they will immediately cease their use of the Baskin-Robbins trademarks and trade dress pending the legal resolution of any and all disputes between Baskin-Robbins and the Gills, in whatever legal or alternative dispute resolution forum, upon Baskin-Robbins' clear written statement as to whether it considers its April 30, 2007 termination notice to have immediate effect. This stipulation does not waive any claims the Gills may have against Baskin-Robbins; it does, however, eliminate the threat of any "irreparable" harm to Baskin-Robbins by the allegedly unauthorized use of its trademarks.

Please feel free to contact me with questions concerning this letter.

Sincerely,

Harmeet K. Dhillon