Maria C. Rodríguez (SBN 194201)
Julie I. LaRoe (SBN 229075)
SEYFARTH, SHAW LLP
One Century Plaza, Suite 3300
2029 Century Park East
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Robert L. Zisk
Eric L. Yaffe
Jeffrey L. Karlin (SBN 144488)
GRAY, PLANT, MOOTY, MOOTY
 & BENNETT, P.A.
The Watergate
2600 Virginia Avenue, N.W., Suite 1111
Washington, D.C. 20037-1905
Telephone: (202) 295-2200
Facsimile: (202) 295-2250

**UNITED STATES DISTRICT COURT**

**IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BASKIN-ROBBINS FRANCHISED SHOPS LLC and BR IP HOLDER LLC, <br><br>Plaintiffs, <br><br>v. <br><br>SUKPRAN GILL and GURMEET GILL, <br><br>Defendants. | Case No. 3:07-cv-02441-PJH <br><br>*Honorable Phyllis J. Hamilton* <br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) <br><br>*Date: November 7, 2007* <br>*Time: 9:00 a.m.* |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

LA1 6660968.1/54578-5

**TABLE OF CONTENTS**

I.  LAW AND ARGUMENT ................................................................................. 4

   A.  THIS COURT HAS DIVERSITY JURISDICTION OVER THIS MATTER ................................................................................................. 4

   B.  FEDERAL QUESTIONS JURISDICTION EXISTS FOR BASKIN-ROBBINS' TRADEMARK INFRINGEMENT CLAIMS ....................... 5

II.  CONCLUSION .................................................................................................. 8

LA1 6660968.1

# TABLE OF AUTHORITIES

## Federal Cases

*Baskin-Robbins, Inc. v. Taj California, Inc.*,
2003 WL 22768662 (C.D. Cal. Oct. 21, 2003) ...................................................7

*Burger King Corp. v. Majeed*, 805 F. Supp. 994 (S.D. Fla. 1992)......................6

*Century 21 Real Estate Corporation, Inc. v. Sandlin*, 846 F.2d 1175 (9th Cir. 1988)..................................................................................................................7

*Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252 (9th Cir. 2001)............6

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001) ............................4

*Long John Silver's, Inc. v. Washington Franchise, Inc.*,
1980 U.S. Dist LEXIS 16635, No. 80-540-A (E.D. Va. June 24, 1980) ............7

*Merry Maids Limited Partnership v. Kamara*,
No. Y-98-3564, 1998 U.S. Dist. LEXIS 19059 (D. Md. December 10, 1998)...3

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989) ..........................4

*Opticians Ass'n v. Independent Opticians*, 920 F.2d 187 (3d Cir. 1990) ...........6

*S & R Corp. v. Jiffy Lube Int'l, Inc.,* 968 F.2d 371 (3d Cir. 1992)......................6

## Miscellaneous

15 U.S.C. § 1114..................................................................................................4

5 U.S.C. § 1125 (a) .............................................................................................1

28 U.S.C. § 1332..................................................................................................4

McCarthy, *McCarthy on Trademarks and Unfair Competition* ..........................6

LA1 6660968.1

## I. LAW AND ARGUMENT

### A. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS MATTER

Under 28 U.S.C. § 1332, this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between (1) citizens of different States; . . . ." Corporations or other business entities have dual citizenship, that is, they are citizen of the state where they are incorporated and where they have their principal places of business. 28 U.S.C. § 1332(c)(1). Furthermore, there must be complete diversity between the opposing parties in the action. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). At this stage of the case, a plaintiff is required only to allege jurisdictional facts that meet the requirements of § 1332 and not prove them. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

In this case, Baskin-Robbins sufficiently alleged jurisdictional facts to support the conclusion that this Court has jurisdiction under § 1332. The Second Amended Complaint alleges, for example, that Baskin-Robbins Franchised Shops LLC is a Massachusetts limited liability company and that its principal place of business is in Canton, Massachusetts. (Second Amended Complaint at ¶ 1.) In addition, the pleading alleges that the only other Plaintiff, BR IP Holder LLC is a Delaware limited liability company, which also has its principal place of business in Canton, Massachusetts. (*Id.* at ¶ 2.) The Second Amended Complaint also plainly states that the Defendants in the action, Sukpran Gill and Gurmeet Gill are California residents.

Defendants contend that diversity jurisdiction does not exist here because the Franchise Agreement at issue were entered into by Baskin-Robbins USA Co. and that entity was a California corporation. However, Baskin-Robbins USA Co. is not a party to this action, because it no longer exists as an entity. Instead, this action is being brought, as the Second Amended Complaint clearly states, by

-4-

Baskin-Robbins Franchised Shops LLC, which is Baskin-Robbins USA Co.'s "successor in interest."  Since Defendants have not (and cannot) challenge the fact that more than $75,000 is in controversy here and all of the parties are diverse, Baskin-Robbins has meet the pleading requirements for diversity jurisdiction under § 1332. The Court need not make any other finding here and can (and should) deny the Motion to Dismiss on this ground alone.

### B. FEDERAL QUESTION JURISDICTION EXISTS FOR BASKIN-ROBBINS' TRADEMARK INFRINGEMENT CLAIMS

Defendants' assertions that this Court does not have jurisdiction over Baskin-Robbins' trademark infringement claims also fails to stand up to scrutiny. First, even a cursory examination of the Second Amended Complaint reveals that the Lanham Act claims raised therein are not "thinly veiled" state law contract claims, but are independent claims for the infringement of Baskin-Robbins' trademark rights.  The Franchise Agreements here have been terminated on separate grounds from the trademark infringement grounds, i.e., the breach of the in-term covenant not to compete.  It was only when the Franchise Agreements were terminated and Defendants chose to remain in their stores that they ran afoul of federal trademark laws.  These are separate and distinct acts, which will require separate and distinct sources of evidence to prove.

In addition, it should be noted that while Baskin-Robbins consented to the franchisees remaining in the store, that was done for the limited purpose of allowing the Court to determine whether or not the termination was valid.  Baskin-Robbins does not engage in self-help and filed suit to enforce the terminations.  As such, there was no waiver of any claim that the franchisor has against the Defendants under the Lanham Act.  If the termination is upheld, then the Defendants will lose their rights under the Franchise Agreement to use Baskin-Robbins' trademarks.  These are independent claims and should be judged in that manner.

1    Moreover, it is well settled that the use of trademark by franchisees after a
2 valid termination is claim which can be brought under the Lanham Act.  For
3 example, it is widely recognized that there is a high risk of consumer confusion
4 when a terminated franchisee continues to use the former franchisor's trademarks.
5 *See S & R Corp. v. Jiffy Lube Int'l, Inc.,* 968 F.2d 371, 375 (3d Cir. 1992).  In such
6 cases, a federal appellate court  explained, the "likelihood of confusion is
7 inevitable." *Opticians Ass'n v. Independent Opticians*, 920 F.2d 187, 195 (3d Cir.
8 1990).  As a leading treatise on trademark law has commented, cases where a
9 defendant uses an identical mark on competitive goods *are* "open and shut."  *Id.*
10 (quoting 2 *McCarthy, Trademarks and Unfair Competition*, § 23:3) (emphasis
11 added).
12    Indeed, Defendants' status as "holdover" franchisees is *dispositive* of the
13 trademark infringement issue.  *Burger King Corp. v. Majeed*, 805 F. Supp. 994,
14 1002 (S.D. Fla. 1992) (terminated franchisee's continued use of its former
15 franchisor's trademarks constitutes trademark infringement); *see also* McCarthy,
16 *McCarthy on Trademarks and Unfair Competition* § 25.07[1] ("Once a license
17 contract is terminated, there is no doubt that the ex-licensee has no authorization or
18 consent to continue use of the mark.").
19    The same conclusion should be reached with respect to claims for trade
20 dress infringement and unfair competition in the franchise context which are fully
21 enforceable under the Lanham Act after termination.  In order to prove these
22 claims, Baskin-Robbins must show: (1) that its trade dress is inherently distinctive
23 or has acquired secondary meaning; (2) that its trade dress is primarily non-
24 functional; and (3) that Defendants' trade dress is confusingly similar.  *See Clicks
25 Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1259 (9th Cir. 2001).
26    With respect to unfair competition in the franchise context, the "critical
27 question" is "whether there is a likelihood of confusion, mistake, or deception
28 between the registered mark and the allegedly infringing mark." *Majeed*, 805 F.

-6-

Supp. at 1001 (quoting *John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir. 1983)); s*ee also Century 21 Real Estate Corporation, Inc. v. Sandlin*, 846 F.2d 1175, 1179 (9th Cir. 1988) (use of the word "Century" by a former Century 21 real estate franchisee operating as a realtor and in same location as his former franchisor created likelihood of confusion and thus constituted trademark infringement and unfair competition under federal law); *Baskin-Robbins, Inc. v. Taj California, Inc.*, 2003 WL 22768662, *1 (C.D. Cal. Oct. 21, 2003) (holding that a Baskin-Robbins franchisees' "continued use of [Baskin-Robbins's] trademarks, trade dress, and trade name after termination of the Franchise Agreements constitutes trademark infringement, trade dress infringement, and unfair competition in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114 and § 43 of the Lanhan Act 15 U.S.C. § 1125 (a).").

Courts have consistently held that the lack of control of a franchisee by a franchisor after termination amounts to irreparable injury warranting an injunction. *Long John Silver's, Inc. v. Washington Franchise, Inc.*, 1980 U.S. Dist LEXIS 16635, at *12 No. 80-540-A (E.D. Va. June 24, 1980) ("infringement is difficult to quantify and thus lends itself to injunctive relief, . . . ."); *Merry Maids Limited Partnership v. Kamara*, No. Y-98-3564, 1998 U.S. Dist. LEXIS 19059, at *3-4 (D. Md. December 10, 1998) (quoting *Long John Silver's,* 1980 U.S. Dist LEXIS 16635).  Similarly, the Third Circuit in *Jiffy Lube, supra*, held that "once a franchise is terminated, the franchisor has the right to enjoin unauthorized use of its trademark under the Lanham Act."  968 F.2d at 375.

Therefore, contrary to the cases cited by Defendants, the courts have found that the post-termination use by a franchisee of a franchisor's trademarks can be an independent basis for jurisdiction.

## II. CONCLUSION

For the foregoing reasons, Baskin-Robbins respectfully requests that Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) be denied.

DATED: October 19, 2007

MARIA RODRIGUEZ
JULIE I. LAROE
SEYFARTH SHAW LLP

ROBERT L. ZISK
ERIC L. YAFFE
JEFFREY L. KARLIN

By /s/ Julie I. LaRoe
Attorneys for Plaintiffs
BASKIN-ROBBINS FRANCHISED RESTAURANTS LLC AND BR IP HOLDER LLC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA   )
                                          ) ss
COUNTY OF LOS ANGELES  )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On October 19, 2007, I served the within documents: MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1)

☐   I sent such document from facsimile machine (310) 201-5219 on _____, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☒   **Electronically by using the Court's ECF/CM System**

Harmeet K. Dhillon, Esq.
Dhillon & Smith
214 Grand Avenue, Suite 400
San Francisco, CA 94108
Telephone: 415-433-1700
Facsimile: 415-520-6593

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made; executed on October 19, 2007, at Los Angeles, California.

/s/ Maritza Estrada

-9-

LA1 6660968.1